AMERICAN SAMOA GOVERNMENT

v.

MALESALA aka TAULAGA MASANIAI, Defendant

High Court of American Samoa
Trial Division

CR No. 9-87
AP No. 8-87

August 28, 1987

Before REES, Chief Justice.

Counsel: For the Government, William Van Hook,
          Assistant Attorney General
        For Defendant, Soli Aumoeualogo,
          Public Defender

On motion for release pending appeal:

This motion came for hearing before the trial judge on August 28, 1987. The defendant presented a psychiatrist who testified about the condition of the defendant's 27-year old son. The son has been diagnosed as suffering from schizophrenia, has been institutionalized in Hawaii during acute phases of the disease, and is now in American Samoa residing in the home of the defendant. The psychiatrist testified that the son has not been regularly reporting for outpatient treatment, that he has been wandering the streets aimlessly and sometimes sleeping outside the Correctional Facility where

-143-

his father is incarcerated, and that he may soon become a threat to himself and others. The psychiatrist further testified that it is his expert opinion that the son's problems are partly related to his separation from his father and mother (the defendant's former wife) and to his difficulty in accepting the defendant's current wife as a stepmother.

The defense also offered the testimony of the defendant and of other family members concerning the economic and other difficulties of the family. Since the Court has already heard similar testimony on two prior occasions, we declined to hear it again and accept for the purposes of this motion the proposition that the family is suffering such difficulties.

The Court cannot grant the requested release. A major reason for the sentence imposed on this defendant --- under the terms of which the defendant was not to be released from the Correctional Facility for any reason other than emergency medical treatment without prior approval of the Court --- was the Court's belief that the defendant posed a danger to other people, particularly to members of his family. Even according to the defendant's own version of the events leading up to his conviction, he is a violent man whose response to real or imagined slights from members of his family was to beat them severely or to banish them from the household. Moreover, it appears from the evidence adduced at trial that the defendant has sexually abused not just the victim in this case but all of his other daughters, including a mentally retarded teenager who now resides in the family home. The defendant shows no signs of repentance, and it is the Court's best estimate that his violent and unlawful conduct is likely to recur upon his release. By agreement of the attorneys and the Court the briefing schedule has been accelerated so that the appeal will be heard in October. The risks and hardships of incarceration are clearly outweighed by those of release pending appeal.

The Court strongly urges that the government act immediately (1) to ensure that the defendant's son receives all the care and attention that is available in the Territory, and (2) to consider taking steps to return him to the care of his natural mother in Hawaii.

-144-

The motion for release pending appeal is denied.